M. SMITH, Circuit Judge,
concurring:
I join in full the panel’s amended opinion affirming Todd’s convictions and sentence for sex trafficking in violation of 18 U.S.C. § 1591, and conspiracy to engage in sex trafficking in violation of 18 U.S.C. § 371. I write separately only to explain my decision to join in the amended opinion. We previously held, sua sponte, that Todd’s sentence violated United States v. Booker, 543 U.S. 220, 236, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the jury was not asked whether “the offense was effected by force, fraud, or coercion.” See United States v. Todd, 584 F.3d 788, 793-94 (9th Cir.2009). Having reconsidered the issue in light of the government’s petition for rehearing, I have changed my perspective.[1]
As I read 18 U.S.C. § 1591, there is no “hole in the statute.” Contra Todd, 584 F.3d at 793. Rather, 18 U.S.C. § 1591(a) covers only those instances of sex trafficking in which force, fraud, or coercion was actually used, or where the trafficking involved children under the age of 14 or between ages 14 and 18. Subsection (b)(1) simply establishes the punishment for those offenses. Where a defendant engages in sex trafficking without the use of force, fraud, or coercion, or where children are not involved, his conduct is criminalized by a different set of statutes. This reading is compelled both by a plain reading of the statute and by its legislative history.
Title 18, section 1591 is titled “Sex trafficking of children or by force, fraud, or coercion.” “Although statutory titles are not part of the legislation, they may be instructive in putting the statute in context.” Singh v. Gonzales, 499 F.3d 969, 977 (9th Cir.2007). By using this title, Congress intended to criminalize two forms of sex trafficking it considered “severe forms of trafficking in persons”: sex trafficking where the victim is under 18 years of age, and sex trafficking in which the act is induced by force, fraud, or coercion. See Pub.L. No. 106-386, 114 Stat. 1464, 1466, 1470 (2000) (explaining that in passing the Trafficking Victims Protection Act of 2000, which enacted 18 U.S.C. § 1591, Congress was especially concerned *336 with these two “severe forms of trafficking in persons”).
Subsection (a) bears this out. A prosecution may be brought under subsection (a) where a person “recruits, entices, harbors, transports, provides, or obtains by any means a person,” “knowing” either that: (1) “force, fraud, or coercion ... will be used to cause the person to engage in a commercial sex act,” or (2) the victim “has not attained the age of 18 years and will be caused to engage in a commercial sex act.” 18 U.S.C. § 1591(a) (emphasis added).
The phrase “will be used” in subsection (a) does not leave open the possibility that force, fraud, or coercion was not eventually used in committing the offense. Rather, it simply allows for a conviction even where the defendant did not personally use force, fraud, or coercion. In other words, a defendant will only be charged with violating the statute if force, fraud, or coercion was actually used at some point in commission of the offense. By using the phrase “will be used” as opposed to something more speculative such as “could be used” or “might be used,” the statute describes definitive conduct.
Had force, fraud, or coercion not actually been used to cause the victim to engage in a commercial sex act, Todd could not have been prosecuted under 18 U.S.C. § 1591. The appropriate statutes criminalizing sex trafficking not involving the use of force, fraud, or coercion are 18 U.S.C. §§ 2421 and 2422. Section 2421 proscribes “knowingly transporting] any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.” Unlike the minimum 15-year term of imprisonment under section 1591, section 2421 carries a 10-year maximum. Section 2422 criminalizes “knowingly persuading], inducting], entic[ing], or coercing] any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense.”[2] It carries a 20-year maximum sentence.
The government’s decision to prosecute the case is a backwards-looking exercise. The use of force, fraud, or coercion to cause a victim to engage in a commercial sex act brings the case into the realm of section 1591, and the government must then ask whether the defendant “knew” that force, fraud, or coercion would be used. The only question, and that which Todd argued in his appeal, is whether the defendant knew at the time he committed the offense that force, fraud, or coercion would be used.[3] As the panel members now agree, Todd’s knowledge that force, *337 fraud, or coercion would actually be used “does not require knowledge in the sense of certainty as to a future act.” Amended Maj. Op. at 18515. Based on an established pattern of conduct, Todd knew that force, fraud, or coercion would be used to cause his victims to engage in commercial sex acts.
Under this reading of section 1591(a), there is no gap in the statute. Section 1591(b) provides that “if the offense was effected by force, fraud, or coercion” the defendant is to be sentenced to a mandatory 15-year minimum prison term. So too if no force, fraud, or coercion was involved but the victim is under 14. If no force, fraud, or coercion was involved, but the victim is between 14 and 18, the defendant is to be sentenced to no less than 10 years imprisonment.[4] If a jury finds that the defendant knew “force, fraud, or coercion” would be used to cause a person to engage in a commercial sex act, it necessarily finds that “the offense was effected by means of force, fraud, or coercion.” Indeed, a defendant who satisfies the elements of subsection (a) “shall be punished as provided in subsection (b).” 18 U.S.C. § 1591(a) (emphasis added).
This reading comports with Congress’s desire that the “sentencing provision of section 1591(b) ... correspond fully with the language in the substantive offense provision in section 1591(a).” H.R.Rep. No. 108-264, pt. 1 (2003) (emphasis added).
The record in this case shows that Todd in fact used such “force, fraud, or coercion” to commit the offense. Whitney T. testified that once in May 2007, Todd demanded she perform oral sex on him. After she refused, Todd grabbed her by her throat, threw her backwards over the bed, and threatened to hit her with a bottle over her head while “screaming at the top of his lungs.” On another occasion, Todd woke Whitney T. up in the middle of the night and began screaming at her for talking to another pimp. Todd punched her in the back, then grabbed her by the throat and threw her up against the wall while calling her an “out-of-pocket bitch.” On a third occasion, Todd beat her because she met with a black male friend of hers. According to Todd, all black men are potential pimps and so Todd forbade Whitney T. from any contact with them. After Whitney T. violated this rule, Todd choked her and punched her in the chest until she was black and blue.
Because of this evidence, all of which the jury heard, the government prosecuted and the jury convicted Todd of violating section 1591(a). Indeed, the jury was asked whether Todd knew that “force, fraud, or coercion would be used to cause [Whitney T.] to engage in a commercial sex act.” Amended Maj. Op. at 334 (emphasis added). By finding that Todd knew that force, fraud, or coercion would, be used, the jury necessarily found that force, fraud, or coercion was actually used.[5]

. Although the government's petition gave me the opportunity to reconsider my reading of 18 U.S.C. § 1591, I read the statute differently than does the government.

. Though both sections 1591 and 2422 include a "coercion” element, one can imagine a situation in which the defendant does not himself coerce the victim to engage in a commercial sex act, yet coercion is eventually used by another member of the defendant’s sex trafficking organization. Indeed, in enacting section 1591 Congress found that "[t]rafficking in persons is increasingly perpetrated by organized, sophisticated criminal enterprises.” 114 Stat. at 1467. Such conduct would be prosecuted under section 1591 but not section 2422, since section 2422 requires the defendant to have personally coerced the victim.

. Of course, a defendant could also argue that force, fraud, or coercion was not actually used at any point. Had Todd made this argument, he could have asked for, and would have been entitled to, the appropriate jury instruction. See Conde v. Henry, 198 F.3d 734, 740 (9th Cir.1999) ("It is well established that a criminal defendant is entitled to adequate instructions on the defense theory of the case.”).

. With respect to children, section 1591 covers a wider range of conduct than 18 U.S.C. § 2423, which makes it a crime to knowingly transport a minor with the intent that the minor engage in prostitution. Again, section 1591 targets larger sex trafficking organizations.

. The example Judge Noonan provides in the panel opinion illustrates the point. A judge knows that his law clerks "will use Westlaw” based on the judge having observed the work of previous law clerks over the years. At the end of one particular law clerk's term, the judge's judicial assistant might be asked whether the judge knew, at the time he hired *338 the law clerk, that the law clerk would use Westlaw during his clerkship. If the law clerk never used Westlaw during his clerkship, the judicial assistant would be forced to answer "no” because answering "yes” would be contrary to the facts. The judge could not know that the law clerk "would use” Westlaw if the law clerk never actually used Westlaw.